UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| WILLIAM DOUGLAS CAMPBELL, ) | |
| ) | |
|    *Plaintiff,* ) | |
| ) | |
| v. ) | No. 4:09-cv-36 |
| ) | *Mattice/Carter* |
| LINCOLN COUNTY JAIL, MEDICAL ) | |
| STAFF OF LINCOLN CO. JAIL, SHERIFF ) | |
| MURRAY BLACKWELDER, CHIEF ) | |
| ADMINISTRATOR ROBERT ROWE, ) | |
| ) | |
|    *Defendants.* ) | |

## **MEMORANDUM**

Plaintiff William Douglas Campbell ("Campbell") filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 [Court Doc. 4]. On April 7, 2009, an order was issued which was returned to the Court stamped "Return to Sender; Attempted - not known; unable to forward." [Court Doc. 5]. Campbell was forewarned that failure to notify the Court of any address change within ten days following the change, would result in the dismissal of this action [Court Doc. 4, p. 5].

A copy of an order was mailed to Campbell at the Lincoln County Jail on April 7, 2009, and returned to the Court on April 16, 2009, with a notation that Plaintiff was "Not Here," in addition to the above referenced stamp. Campbell has not notified the Court of a current address; thus, the Court is unable to mail an Order and service packet to him. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a plaintiff fails to prosecute his case. The Court's inability to communicate with plaintiff and the Court's interest in managing the docket weigh in favor of dismissal, as the Court cannot

1

hold this case in abeyance indefinitely based on Campbell's failure to notify the Court of his current address.

Plaintiff has given no indication that he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Given the Court's inability to communicate with Campbell due to his failure to keep the Court apprised of his current address, no lesser sanction than dismissal is feasible.

Therefore, this action will be **DISMISSED** for Campbell's failure to prosecute and to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.

                                               */s/Harry S. Mattice, Jr.*
                                               HARRY S. MATTICE, JR.
                                               UNITED STATES DISTRICT JUDGE